# EXHIBIT B



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 1922-CC12132 | |
|---|---|---|
| Plaintiff/Petitioner:<br>KARA NOEL SARSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD KENT DOWD<br>211 NORTH BROADWAY<br>SUITE 4050<br>ST. LOUIS, MO 63102 | |
| Defendant/Respondent:<br> LINDELL LOFT, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** SECURITAS SECURITY SERVICES USA INC
**Alias:**
**NATIONAL REGISTERED AGENTS INC**
**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO  63105**



*COURT SEAL OF*

*CITY OF ST LOUIS*

**ST LOUIS COUNTY SHERIFF**

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

**March 25, 2022**                                                 *Thomas Kloeppinger*
_____                  _____
          Date                                                                Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____          _____
   Printed Name of Sheriff or Server                      Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
         Subscribed and sworn to before me on _____ (date).
*(Seal)*
         My commission expires: _____  _____

|  |  |
|---|---|
| Date | Notary Public |

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| KARA N. SARSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Cause No. 1922-CC-12132 |
| LINDELL LOFT LLC, a/k/a CORONADO ) | |
| PLACE & TOWERS, ) | JURY TRIAL DEMANDED |
| ) | |
| and ) | |
| ) | |
| CARDINAL GROUP MANAGEMENT ) | |
| MIDWEST LLC, ) | |
| ) | |
| and ) | |
| ) | |
| SECURITAS SECURITY SERVICES USA, INC., ) | |
| Serve at: National Registered Agents, Inc. ) | |
|     120 South Central Avenue ) | |
|     Clayton, MO 63105 ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED PETITION FOR DAMAGES

COMES NOW Plaintiff Kara N. Sarson and for her cause of action against all Defendants alleges and states as follows:

### PARTIES

1. Plaintiff Kara N. Sarson is a citizen and resident of the State of Missouri.

2. Defendant Lindell Loft LLC, a/k/a Coronado Place & Towers was at all times relevant hereto a corporation organized and existing according to the laws of the State of Missouri. Lindell Loft LLC is a Missouri Corporation maintaining its principle place of business at the above-captioned address and may be served through its Registered Agent, listed above. Defendant Lindell Loft LLC is also known as and is the owner of the registered fictitious name "Coronado Place & Towers."

1

3. Defendant Cardinal Group Management Midwest LLC was at all times relevant hereto a corporation organized and existing according to the laws of the State of Missouri. Cardinal Group Management Midwest LLC is a Missouri Corporation maintaining its principle place of business at the above-captioned address and may be served through its Registered Agent, listed above.

4. Defendant Securitas Security Services USA, Inc. was at all times relevant hereto a corporation organized and existing according to the laws of the State of Missouri. Securitas Security Services USA, Inc. is a Missouri Corporation maintaining its principle place of business in the State of New Jersey and may be served through its Registered Agent, listed above.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and personal jurisdiction over the Defendants who are Missouri corporations. Venue is proper in this Court over Defendants pursuant to R.S.Mo. Sec. 508.010 because Plaintiff's injuries first occurred in the City of St. Louis, as described more fully herein.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

6. Plaintiff Kara N. Sarson lives in an apartment at 3755 Lindell adjacent to the Coronado apartment buildings in the City of St. Louis.

7. Plaintiff Sarson entered into a contract with Defendants whereby she paid a monthly fee to Coronado Place & Towers in exchange for the right to park her vehicle in Defendants' parking garage behind the Coronado Place & Towers.

8. At all times relevant hereto Defendants were in possession and control of the subject premises. Defendants' parking garage premises were provided to invitees such as Plaintiff for the purposes of establishing, providing, and promoting housing to individuals at the Coronado

garage. Defendants maintained control over the aforementioned premises, and were solely responsible for its care, maintenance and security. Therefore a special relationship existed between Plaintiff and Defendants. Defendants are jointly and severally liable for the injuries sustained by Plaintiff.

9. On September 22, 2019, Plaintiff Sarson parked her vehicle in the Coronado garage. After exiting her vehicle Plaintiff was violently attacked by three individuals. During the attack one of the attackers strangled Plaintiff by grabbing her by her clothing and forcefully choking Plaintiff while another struck Plaintiff with what appeared to be a walking cane. The three attackers then robbed Plaintiff of her wallet, phone, and other personal belongings and fled the scene in Plaintiff's vehicle. Later that day the police apprehended the assailants.

10. On information and belief, Defendants had installed security cameras that captured the attack on Plaintiff in Defendants' garage, but either failed to monitor these security cameras or failed to respond in a timely fashion to prevent the assault on Plaintiff.

11. Defendants were aware at all relevant times that their parking garage is located in a high crime area. On information and belief, prior to September 22, 2019 there were a significant number of violent crimes against persons, robberies and other similar criminal acts occurring in or near the premises, and as such it was foreseeable that similar criminal acts would occur in the future. Evidence of this pattern of criminal acts includes a large volume of calls for service made to the St. Louis Metropolitan Police Department relating to the subject premises. From January 1, 2015 to the present there have been at least **165 calls** for service to Defendants' premises. Many of the calls, *inter alia*, relate to crimes against persons, as well as suspicious or unauthorized persons being present on the premises, crimes involving vehicles, and crimes involving theft, all of which are similar to and therefore highly material and relevant to the assault on Plaintiff and

Electronically Filed - City of St. Louis - March 24, 2022 - 02:00 PM

the theft of her personal property and motor vehicle. This includes at least two reports of assault, at least one reported rape (on September 29, 2018, within a year prior to the incident involving Plaintiff), at least one burglary, twenty incidents of larceny (including numerous incidents of larceny from a vehicle), eleven reports of suspicious persons (including suspicious occupants of autos), twenty-seven incidents of "disturbances," four reports of tampering with an automobile, six reports of destruction of property, four "calls for police help", at least one reported "sudden death," and six calls for service coded by the Police as "sundry," meaning they relate to multiple charges.

12. Furthermore, on information and belief, in or about August of 2019 one resident of the Coronado complained in an on-line review that her bicycle had been stolen from the bike cage. She complained that while there were security cameras in the area, she had been unable to obtain security camera footage of the theft from Defendants. Defendants stated in response to her on-line review: "We have made note of the camera concern in our parking garage and are working on a solution."

13. On information and belief, additional criminal activity, including crimes against persons and violent crimes, also occurred on Defendants' premises during this time frame which are not captured in the police call records referenced above.

14. The situation in the Coronado became so grave that an online Petition was begun calling for a meeting with Defendants because "Our community has **experienced numerous safety concerns recently which have not been acknowledged or addressed by the Coronado Management Team**." On information and belief, to date over 790 individuals have signed this online petition.

4

15. Furthermore, on information and belief, the situation became so dangerous for their students that, after reviewing the circumstances of the attack on Plaintiff and other, prior similar incidents occurring on Defendants' premises, Saint Louis University's Director of the Department of Public Safety and Emergency Preparedness, as well as SLU's Vice President of Student Development, both directed Defendants "to devote much more attention and resources to crime prevention on and near their buildings."

16. Additionally, on September 18, 2019, just a few days before the attack on Plaintiff, a SLU student was carjacked while in the parking garage for the apartments located at 3701 Lindell Blvd. in a highly similar incident.

17. As set forth above, prior to the date of the injury, Defendants knew or had reason to know that the lack of sufficient security in the parking garage presented a danger to all paying customers similarly situated to Plaintiff.

18. Defendants knew or should have known that its conduct or the conduct of its agents and/or employees described herein involved an unreasonable risk of causing physical and emotional harm to Plaintiff and others using their garage.

19. Defendants' security cameras disclosed the assailants trespassing on Defendants premises, and Defendants had the right to repel the assailants pursuant to RSMO 563.074, or at least exclude them from the premises, as they were criminal trespassers.

## **COUNT I - NEGLIGENCE**

20. Plaintiff adopts and incorporates by reference each and every allegation contained in Paragraphs 1 through 19 in Plaintiff's Petition.

Electronically Filed - City of St. Louis - March 24, 2022 - 02:00 PM

21. Defendants by and through its agents and/or employees, had actual or constructive notice of the presence of the attackers. The three individuals who attacked Plaintiff were present on the premises as trespassers and were conducting themselves so as to indicate danger.

22. Defendants knew or had reason to know that the assault on Plaintiff would be committed and had sufficient time to prevent the injury to Plaintiff. Defendants knew or had reason to know that acts were occurring or about to occur on their premises that posed an imminent probability of injury to Plaintiff.

23. Among other things, on information and belief Defendants' security cameras would have disclosed that trespassers had entered and remained on the Defendants' premises when it was reasonably foreseeable that the trespassers' presence would cause injury to Plaintiff.

24. Furthermore, Defendants assumed a duty of providing security for Plaintiff and held themselves out as providing security, yet failed to provide adequate security on September 22, 2019.

25. Defendants were negligent in one or more of the following respects:

    a. Allowing the attackers to enter and remain on the Defendants' premises when it was reasonably foreseeable that the attackers presence would cause injury to Plaintiff

    b. Failing to exclude or remove the trespassing attackers from Defendants' premises prior to the attack;

    c. Failing to warn Plaintiff of the danger created by the attackers' presence;

    d. Failing to intervene to prevent the attack on Plaintiff;

    e. Failing to recognize an unreasonable risk of injury to Plaintiff;

    f. Negligently failing to notify law enforcement of the presence of the

        attackers on the Defendants' property;

    g.    Failing to properly hire, screen, and train its employees and agents who were given the responsibility of security;

    h.    Failing to take reasonable measures to protect Plaintiff; and

    i.    Failing to maintain a safe and secure environment for Plaintiff on the premises.

25.    The aforesaid acts and omissions on the part of the Defendants and their agents and/or employees constitute negligence on the part of the Defendants, and said negligence was the direct and proximate cause of Plaintiff's injuries.

26.    As a direct result of the aforesaid negligence of Defendants and their agents and/or employees, Plaintiff was damaged. Plaintiff has suffered and will continue to suffer damages in the future, including but not limited to the following:

    a.    Past and future medical and hospital expenses;

    b.    Past and future pain and suffering;

    c.    Past and future emotional distress and loss of enjoyment of life;

    d.    Past and future severe bodily injuries and loss of use and function; and

    d.    Any and all damages allowed under Missouri law.

27.    The actions and inactions of Defendants, including, but not limited to ignoring similar prior criminal acts on or near its premises, allowing the attackers to enter and remain on its premises, and its failure to notify authorities of the attackers' presence or take other action, displayed a willful and wanton disregard for the safety of Plaintiff. Defendants' conduct was thereby outrageous and/or demonstrated a conscious disregard for the safety of Plaintiff and

Electronically Filed - City of St. Louis - March 24, 2022 - 02:00 PM

others, justifying an award of punitive damages in an amount sufficient to punish and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) in actual damages, for punitive damages, for the costs of this action, and for such other and further relief as the Court deems fair and reasonable in the premises.

## **COUNT II – NEGLIGENCE – PRIOR CRIMINAL ACTS**

28. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 27 contained in Plaintiff's Petition for Damages as fully set forth herein.

29. As set forth above, prior to September 22, 2019 there were a significant number of violent crimes against persons, robberies and other similar criminal acts occurring in or near the premises, and as such it was foreseeable that similar criminal acts would occur in the future.

30. Defendants knew or had reason to know that crimes such as the attack on Plaintiff were reasonably likely to be committed in a particular area of their premises, i.e. the Coronado garage.

31. Defendants controlled the security operation on the premises including, but not limited to, the parking garage where the incident at issue occurred. The violent crimes, robberies, other crimes against persons and similar other crimes occurring on Defendants' premises provided Defendants with notice of the need to provide sufficient security and to exercise care in implementing security procedures to prevent such criminal incidents on its premises. Defendants also repeatedly failed to warn residents of the Coronado and neighboring residents, such as Plaintiff, who had a contractual agreement to park in the Coronado, of the ongoing criminal activity and the danger to Plaintiff and others.

8

32. Defendants assumed a duty of providing security for persons on its property, including Plaintiff, yet failed to provide adequate security on September 22, 2019.

33. Defendants had sufficient time to take actions which would have prevented the injury to Plaintiff. Among other things, sufficient time elapsed after the Defendants were made aware or should have been aware of the third party criminal acts described above and the inadequacy of its security for the Defendants to have made reasonable changes and improvements which would have prevented the attack set forth in this Petition.

34. The security operation of Defendants, to the extent it was provided on September 22, 2019, was incompetent, lacked proper equipment and was inadequately staffed to protect Plaintiff and others legally situated upon its premises.

35. Defendants failed to exercise reasonable and ordinary care, and were negligent by reason of the following acts, deeds or omissions:

    a. Defendants negligently failed to provide adequately trained security guards on its premises;

    b. Defendants failed to have security guards or others patrol its premises;

    c. Defendants failed to have a security analysis performed by competent security professionals for the purpose of securing the premises and protecting the Plaintiff and others lawfully on the premises;

    d. Defendants failed to alert Plaintiff and others lawfully on the premises to the ongoing risk and danger of third party criminal acts as set out in this Petition for Damages;

    d. Defendants negligent failed to make reasonable use of information concerning the incidence and prevalence of crime on its premises, of

Electronically Filed - City of St. Louis - March 24, 2022 - 02:00 PM

      which it knew or should have known, and to revise and improve its security system accordingly;

  e.    Defendants negligently failed to provide adequate supervision of the activities taking place on its premises; and

  f.    Defendant negligently failed to reasonably anticipate a criminal attack of this type and to take appropriate actions to prevent the attack on Plaintiff.

36. As a direct result of the aforesaid negligence of Defendants and their agents and/or employees, Plaintiff was damaged. Plaintiff has suffered and will continue to suffer damages in the future, including but not limited to the following:

  a.    Past and future medical and hospital expenses;

  b.    Past and future pain and suffering;

  c.    Past and future emotional distress and loss of enjoyment of life;

  d.    Past and future severe bodily injuries and loss of use and function; and

  e.    Any and all damages allowed under Missouri law.

37. The actions and inactions of Defendants, including but not limited to ignoring similar prior criminal acts on or near its premises, allowing the attackers to enter and remain on its premises, and its failure to notify authorities of the attackers' presence or take other action, displayed a willful and wanton disregard for the safety of Plaintiff. Defendants' conduct was thereby outrageous and/or demonstrated a conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages in an amount sufficient to punish and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) in actual damages, for punitive damages, for the

costs of this action, and for such other and further relief as the Court deems fair and reasonable in the premises.

                DOWD & DOWD, P.C.

        By:   /s/ Richard K. Dowd
                Richard K. Dowd (33383)
                211 North Broadway, Suite 4050
                St. Louis, Missouri 63102
                (314) 621-2500
                (314) 621-2503 Facsimile
                rdowd@dowdlaw.net
                *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record, this 24th day March, 2022.

    David R. Buchanan
    John A. Mazzei
    Brown & James, P.C.
    800 Market Street, Suite 1100
    St. Louis, MO 63101
    dbuchanan@bjpc.com
    jmazzei@bjpc.com
    *Attorneys for Defendants*

                /s/ Richard K. Dowd